

**U.S. Department of Justice**

*Rachael S. Rollins*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 22, 2022

Eduardo Masferrer, Esq.
Masferrer & Associates, P.C.
6 Beacon Street
Suite 815
Boston, MA 02108

    Re:    <u>United States v. Francisco Tavarez</u>
              Criminal No. 17-Cr-10350-NMG

Dear Mr. Masferrer:

     The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Francisco Tavarez ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

     1.    <u>Change of Plea</u>

     Defendant will plead guilty to all counts in which he is named in the above-referenced Indictment: Count One—Conspiracy to Possess with Intent to Distribute and to Distribute 100 grams or more of heroin and 40 grams or more of fentanyl in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(i) and 841(b)(1)(B)(vi); Count Six—distribution of fentanyl in violation of 21 U.S.C. § 841(a)(1). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

     Defendant agrees to the accuracy of the attached statement of facts.

2. <u>Penalties</u>

With respect to Count One, Defendant faces the following mandatory minimum and maximum penalties: incarceration up to 40 years; supervised release for at least three years and up to life; a fine of $5,000,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

With respect to Count Six, Defendants faces the following mandatory minimum and maximum penalties: incarceration up to 20 years; supervised release for at least three years and up to life; a fine of $1,000,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

3. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 19 (absent any applicable credit under USSG § 2D1.1(b)(18)):

    a) Defendant's base offense level is 24, because Defendant delivered and caused to be distributed quantities of heroin, fentanyl, and cocaine that were collectively equivalent to 100 kilograms but less than 400 kilograms of Converted Drug Weight (USSG § 2D1.1(c)(8));

    b) Defendant was a minor participant and is entitled to a two-level reduction pursuant to USSG § 3B1.2(b); and

    c) Defendant's offense level is decreased by three levels because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant will take the position that the Court should apply USSG § 5C1.2 and 18 U.S.C. § 3553(f) and impose a sentence without regard to the statutory mandatory minimum sentences that are otherwise applicable in this case. Defendant also will take the position that, pursuant to USSG § 2D1.1(b)(18), Defendant's offense level should be reduced by two levels. The U.S. Attorney will recommend applying USSG § 5C1.2 and 18 U.S.C. § 3553(f) if the U.S. Probation Office finds that Defendant meets the requirements of USSG § 5C1.2(a)(1)-(4) and the U.S. Attorney finds that Defendant has personally satisfied § 5C1.2(a)(5). Based on the information now known to the government, the U.S. Attorney finds that Defendant has satisfied USSG § 5C1.2(a)(5). Defendant understands and acknowledges that, if the Court declines to apply USSG § 5C1.2 and 18 U.S.C. § 3553(f), Defendant will not receive an additional two-level reduction pursuant to USSG § 2D1.1(b)(18), but will receive a sentence at or above the statutory mandatory minimum term of supervised release.

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's

guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

    a) incarceration within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, but in no event below any applicable mandatory minimum penalty;

    b) a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

    c) 36 months of supervised release;

    d) a mandatory special assessment of $200 which Defendant must pay to the Clerk of the Court by the date of sentencing; and

    e) forfeiture as set forth in Paragraph 6.

5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge any prison sentence of **30** months or less or any court orders relating to forfeiture, restitution, fines or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence (to the extent set forth in subparagraph (b), above) will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence (to the extent set forth in subparagraph (b), above), regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6.  <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7.  <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*   *   *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney James E. Arnold.

Sincerely,

RACHAEL S. ROLLINS
United States Attorney

By: _____
JARED C. DOLAN
Acting Chief, Narcotics and Money Laundering Unit
LEAH B. FOLEY
Deputy Chief, Narcotics and Money Laundering Unit

_____
JAMES E. ARNOLD
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
FRANCISCO TAVAREZ
Defendant

Date: 3/29/22

I certify that Francisco Tavarez has read this Agreement and that we have discussed what it means. I believe Francisco Tavarez understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
EDUARDO MASFERRER, Esq.
Attorney for Defendant

Date: 3/29/22

## STATEMENT OF FACTS

### Francisco Tavarez

In conjunction with Paragraph 1 of the letter of March 22, 2022, between my attorney, Eduardo Masferrer, Esq., and the United States Attorney for the District of Massachusetts, setting forth the agreement between myself and the United States Attorney in the above-referenced matter, I admit expressly and unequivocally that I knowingly and intentionally committed the acts as alleged in Counts One and Six of the Indictment pending against me and that I am guilty of the offenses charged in those counts. I further represent that the following facts are true:

1. Beginning at a time unknown but not later than January 2017 and continuing through in or about November 2017, I participated in a conspiracy with Yeffry Reynoso ("Reynoso") to distribute and to possess various controlled substances, including heroin, fentanyl, and cocaine. I participated in this criminal activity knowingly and intentionally. As part of this conspiracy, on multiple occasions and acting at Reynoso's direction, I delivered small, retail quantities of drugs (often ranging from about .25 grams to roughly 1-2 grams) to Reynoso's drug customers and collected the customers' payments for the drugs. I met with Reynoso's drug customers in various towns in Boston's North Shore (such as Lynn, Melrose, Saugus, Peabody, Malden, and Salem). Reynoso provided me with the drugs that I then delivered to his customers, and I gave Reynoso the cash that I collected from his customers. Other than delivering the drugs and collecting the payments, I typically had no additional interaction with the customers. All negotiations for quantities and types of drugs and prices were between Reynoso and his customers. Similarly, Reynoso told me where to go to meet his drug customers.

2. On March 30, 20217, acting at Reynoso's direction, I delivered seven plastic baggies of drugs to an individual, who I thought was a drug customer of REYNOSO's. I also collected $200 as payment for the drugs from that individual. Unknown to me at the time, this customer was actually an undercover law enforcement officer. I am aware that the drugs that I delivered were subsequently analyzed forensically and determined to contain 1.75 grams of fentanyl.

3. On September 17, 2017, acting at Reynoso's direction, I delivered drugs to a customer of Reynoso's who met me in the stairwell of an apartment building located at 173 Lafayette Street in Salem, Massachusetts. Shortly after this delivery, I was stopped by Salem police officers. When asked where I was coming from and where I was going, I gave the officers misleading information. The officers subsequently seized from my car several individual plastic twists containing drugs that Reynoso had given me to deliver to his customers. I am aware that these drugs were subsequently analyzed forensically and determined to contain 2.454 grams of fentanyl and 2.082 grams of a mixture of cocaine and fentanyl. The officers also $2,340 in small denomination bills from my pockets, which I had collected from Reynoso's drug customers and which I had planned on giving to Reynoso later that day.

8

4.	I stipulate and agree that during the conspiracy I distributed various quantities of drugs containing a detectable amount of heroin, heroin mixed with fentanyl, fentanyl, and cocaine mixed with fentanyl. I further stipulate and agree that, in total, I distributed on Reynoso's behalf at least 40 grams (and less than 160 grams) of drugs containing fentanyl and that these amounts of drugs were known to me, reasonably foreseeable to me, and are reasonably attributable to me as relevant conduct for sentencing purposes.

5.	I admit that I am now mentally competent and that at the time I committed these offenses I was mentally competent.

_____
FRANCISCO TAVAREZ
Defendant

Date: 3/24/22